David C. DUNCAN *v.* Donald R. MITCHELL

88-123                                              752 S.W.2d 43

Supreme Court of Arkansas
Opinion delivered June 27, 1988

*Pearson, Woodruff & Evans*, by: *Marsha C. Woodruff* and *Ronald G. Woodruff*, for appellant.

*Bassett Law Firm*, by: *Curtis L. Nebben* and *Gary V. Weeks*, for appellee.

DARRELL HICKMAN, Justice. The question in this case is whether the trial court was wrong in denying the appellant's motion for a new trial. We conclude the motion should have been denied because it was untimely. The trial judge should have summarily denied the motion under ARCP Rule 59(b).

On November 23, 1987, the appellant got a $3,100 personal injury judgment. The appellant filed a motion for a new trial on November 25, 1987, contending the amount was in error. The motion was ultimately denied on December 15, 1987. A second motion for a new trial was filed on December 11, 1987, alleging jury misconduct.

At the hearing on the second motion for a new trial, the appellee pointed out that the motion was untimely and that the basis of the motion, the affidavit of a juror, was clearly inadmissible because it related to a matter that occurred in the jury room, citing A.R.E. Rule 606(b). The appellant responded by asking for an opportunity to offer testimony from the juror, who made the affidavit, of a conversation that occurred outside the jury room

between men who may have been on the jury panel.

The judge allowed the appellant to proceed and eventually denied the motion as meritless. However, the hearing should not have been held. The motion was untimely, because a motion for a new trial must be filed within ten days of the judgment. ARCP Rule 59(b).

Affirmed.